CLARK WINANS et al., Appellants, v. ALBERT M. SMITH et al., Appellees.

**RECEIVERS:  Mortgage Foreclosure—Receiver Denied When Rents Not Pledged.**  A receiver will not be appointed in foreclosure proceedings against an insolvent mortgagor when, from the erasures in the printed part of the mortgage, it is manifest that the rents and profits of the land were not pledged to the payment of the debt.

**Headnote 1:**  27 Cyc. p. 1626.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

MARCH 10, 1925.

ACTION for the foreclosure of a mortgage upon certain real estate. The petition prayed for the appointment of a receiver. A decree was entered foreclosing the mortgage, but refusing the appointment of a receiver; and the plaintiffs appeal.— *Affirmed.*

*R. L. McCord,* for appellants.

*Helmer & Minnich,* for appellees.

PER CURIAM.—The foreclosure of appellants' mortgage was not resisted, and a decree was entered foreclosing the same. Appellants' prayer for the appointment of a receiver to collect the rents and profits on the premises was denied. The conveyance clause of appellants' mortgage reads as follows:

"* * * grant, bargain, sell and convey unto the said parties of the second part, their heirs and assigns, forever, the following described real estate, lying and being situated in the county of Carroll, and state of Iowa, to wit: The south half of the southwest quarter ($S\frac{1}{2}$ $SW\frac{1}{4}$) of Section twenty-five (25) and the northwest quarter of Section thirty-six (36), all in Township eighty-five (85) North, Range thirty-three (33) West of the 5th P. M., together with the use, occupancy, ~~rents, profits, and all future crops arising therefrom or grown thereon~~ * * *"

The receivership clause in said mortgage reads as follows:

"In case of a foreclosure of this mortgage under any of its provisions, it is hereby agreed that, on filing the petition for such foreclosure, a receiver shall be appointed to take charge of the mortgaged premises at once and to hold possession of the same until the debt is fully paid, and the time of redemption expires; ~~and all rents and profits derived from said premises shall be applied upon the debt secured hereby, except a reasonable sum for his services~~."

A red line was drawn through certain phrases in each of said clauses, as above shown.

The trial court found, and the evidence sustains the finding, that the mortgagor was insolvent, and that the real estate is insufficient security for the mortgage debt. The question in the case upon this appeal, however, is confined to and turns upon a construction of the mortgage. We look to the instrument itself

to ascertain therefrom what was the intention of the parties in regard to the security that was pledged by the written instrument. We think it is obvious from an examination of the instrument, the original of which has been certified to us, that it was the purpose and intention of the parties that the real estate alone should stand as security for the mortgage debt, and that it was not the intention to pledge the rents and profits of the premises as security. By drawing a red line through the several phrases in the mortgage, as above shown, it is apparent that the parties intended to eliminate from the mortgage the pledging of the rents and profits derived from the premises. Appellant insists that, inasmuch as the red line did not extend through the words "use" and "occupancy," the conveying clause of the mortgage pledged the use and occupancy of the premises; and that, therefore, under the terms of the mortgage, appellant was entitled to a receiver to collect the rents and profits and apply the same upon the mortgage debt. We must go to the instrument itself and the acts of the parties in connection therewith, to construe the instrument and determine what the true intention of the parties was. The intention made manifest by the striking out of the phrases with red ink was to remove from the mortgage any pledge of the rents and profits of the premises through the instrumentality of a receivership, even though the words "use" and "occupancy" were not so eliminated. In two separate places in the instrument, the parties clearly expressed their intention, by the process of elimination, that the rents and profits of the premises were not to be pledged for the mortgage debt. If it be conceded that, under any circumstances, the words "use" and "occupancy" could be construed to effectuate a pledge of the rents and profits of real estate in a mortgage (a question upon which we express no opinion), still, taking this instrument, in the form in which it was executed, by its four corners, we have no hesitancy in arriving at a conclusion that a proper construction of the entire instrument as evidencing the intention of the parties clearly controverts the claim of any intention to pledge the rents and profits of the mortgaged premises to secure the mortgage debt. We therefore reach the conclusion that, under the mortgage as written, appellant was not entitled to the appointment of a receiver to

collect the rents and profits upon the commencement of the action of foreclosure. The clause left in the mortgage providing for the appointment of a receiver to take charge of the mortgaged premises upon the commencement of foreclosure proceedings will not be given force and effect where, as in this instance, it affirmatively appears that the intention of the parties was that the rents and profits of the premises were not pledged. The only purpose of the appointment of a receiver pending the year of redemption is to secure the rents and profits to apply upon the mortgage debt; but where, as in this instance, it affirmatively appears that the intention of the parties was that the rents and profits should not be pledged, then there would be nothing to which a receivership would apply, and the appointment of a receiver would be a useless proceeding.

We reach the conclusion that the action of the trial court in denying the appointment of a receiver under the mortgage in suit was correct, and the decree appealed from is—*Affirmed*.